CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 5 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 7:06CR00079 |
| | ) | (Case No. 7:10CV80252) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| LAWRENCE MCARTHUR WEBB, | ) | By: Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255. Upon review of the record, the court finds that the motion is untimely and will accordingly dismiss it.[1]

## Background

A multiple-count, superseding indictment filed in January 2007 charged Lawrence McArthur Webb and others with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine, and related offenses. Webb pleaded not guilty. After a two-day jury trial, he was convicted of conspiracy and two counts of distribution. The court sentenced Webb on June 4, 2007, to a total of 240 months imprisonment. After denying Webb's motion for new trial and his motion for judgment of acquittal, the court entered judgment against him on June 11, 2007.

Webb appealed. The United States Court of Appeals for the Fourth Circuit affirmed the judgment by unpublished per curiam opinion issued February 3, 2009. On March 24, 2009, the

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

Court denied Webb's petition for rehearing and rehearing en banc and, thereafter, on April 1, 2009, issued its mandate. The mandate states, "The judgment of the court, entered February 3, 2009, takes effect today."

Webb signed and dated his § 2255 motion on May 19, 2010,[2] and the court received and docketed the motion on May 20, 2010. In his motion, he alleges the following grounds for relief:

1. Counsel was ineffective in failing to call an expert witness to prove that the substance at issue was cocaine base;

2. Counsel was ineffective in failing to object to enhancement of the defendant's sentence under 21 U.S.C. § 851;

3. The court lacked jurisdiction to enhance the defendant's sentence under 21 U.S.C. § 851, because the government failed to comply with its procedures; and

4. Counsel was ineffective in failing to argue on appeal that the defendant's former counsel was ineffective during trial proceedings.[3]

The court filed the motion conditionally, notified Webb that it appeared to be untimely, and offered him an opportunity to present any additional evidence regarding timeliness. He responded, stating

---

[2] An inmate's § 2255 motion is considered filed on the date when he signs the motion and delivers it to prison authorities for mailing to the court. See Rule 3(d) of the Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988) (finding that prisoner pleadings are considered filed on date delivered to prison authorities for mailing).

[3] The court notes that this claim is without merit. Claims of ineffective assistance of counsel should be raised in a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, and not on direct appeal, unless the record conclusively shows that counsel was ineffective. See United States v. King 119 F.3d 290, 295 (4th Cir. 1997). Since Webb's claims of ineffective assistance during trial and sentencing are based on actions that counsel allegedly should have taken, the trial record alone would not be sufficient to support such claims. Therefore, appellate counsel did not perform deficiently in failing to raise ineffective assistance claims on appeal. See Strickland v. Washington, 466 U.S. 668, 685 (1984) (finding that to prove counsel's assistance was so defective as to require reversal of his conviction or sentence, a convicted defendant must establish specific respects in which counsel's representation was deficient and must demonstrate a reasonable probability that absent counsel's error, the outcome would have been different).

that his § 2255 motion was timely filed because he signed and dated it within ninety days after the Fourth Circuit issued its mandate. He is mistaken.

## Discussion

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). A defendant's conviction becomes final (a) when the defendant's opportunity to appeal the district court's judgment expires, (b) when the defendant's opportunity to file a petition for a writ of certiorari expires, "within 90 days after entry of the judgment" of the appellate court, see U.S. Sup. Ct. R. 13(1), or (c) when the United States Supreme Court denies the inmate's petition for a writ of certiorari. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

The Fourth Circuit entered its judgment affirming Webb's conviction and sentence on February 3, 2009. Pursuant to Supreme Court Rule 13(1), his conviction became final 90 days later, on May 5, 2009, when his opportunity to file a petition for a writ of certiorari expired. See also Clay, 537 U.S. at 525 (recognizing that time to file petition for a writ of certiorari expires 90 days after entry of appellate court judgment or approximately 69 days after its mandate, pursuant to Sup. Ct. Rule 13(1)). Webb then had one year–until May 5, 2010–in which to file a timely § 2255 motion. As he filed his § 2255 motion, at the earliest, on May 19, 2010, his motion is untimely under § 2255(f)(1). Although the court granted Webb an opportunity to offer any reason that his motion might, nevertheless, be considered on the merits, he has failed to do so.

## Conclusion

For these reasons, the court concludes that the § 2255 motion is untimely and must be summarily dismissed. An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry

of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 25th day of June, 2010.

_____
United States District Judge